UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

**10 CIV. 8915**

John A. Johnson Jr,

    PLAINTIFF,

  -Against-

Jerome Pugh of the Queen County district attorneys detective bureau shield#0106, and Dave Ch- A.D.A. of THE QUEENS COUNTY DISTRICT ATTORNEYS OFFICE AND ANA GUZKOWSKI, POLICE LAB OF THE QUEENS DISTRICT ATTORNEYS OFFICE: AND Mable A. Doyle,

    DEFENDANTS.

CIVIL COMPLAINT

CIVIL ACTION NO. _____.

## CIVIL ACTION

1. This is a civil action brought pursuant to 42 U.S.C. section 1983, and 42 U.S.C. 1985 subd.(3), to protect and defend the rights that are guaranteeted under the United States Federal Constitution. Jurisdiction of this court is invoked pursuant to TITILE 28 U.S.C.sec.2131 and sec. 2132.

## PLAINTIFF

2. Plaintiff Mr John JOhnson Jr, at all times herein mentioned was a prisoner of the State of New York held in illegal confinement by the New York City Department of correctional services for the County of Queens New York at the Rikers Island Detention centers located in the County of Queens in East Elumhurst New York.

## DEFENDANTS

3. Defendant detective Jerome Pugh is and was at all times herein mention

-1-

a detective working out of the office of the Queens County district attorney office in the Bureau of detectives. That Defendant Chin is and was at all times herein mentioned an assistant district attorney in the County of Queens New York. That defendant Ana Guzkowski., at all times herein mentioned was assigned to a police lab used by the Queens County District attorneys office to and for the purposes of testing evidence. That defendant Mable Doyle, is and was at all times herein mentioned a party assistanting the defendants in bringing false charges against the plaintiff for ~~forced~~ Grand Larceny/Forgery a crime that never took place.

## FIRST CAUSE OF ACTION

1. That on or about May 26th 2005, the defendant Mable Doyle gave plaintiff the sum of $105,996,50¢ which he deposited by way of check into his own Bank account at the Bank of America in particular account number#0006-8422-1073.

2. That defendant Mable Doyle, gave plaintiff this money to do with as he so desired and at no time ever told plaintiff that he could not use those funds as there is no such written agreement of any kind between plaintiff and defendant Doyle which says that plaintiff must either hold and or pay back a penney of said funds and in fact there are documents which say that plaintiff may use those funds for whatever purposes he desires.

3. That at some point and time plaintiff was compeled to move out of the State of New York because of ownership of property and because of other and personal business and in doing so, plaintiff on or about June 3rd 2005,closed his own personal Bank account particularly account number#0006-8422-1073,that he legally was enpowered to do seemingly how it was his personal account in his name only and committed no crime in doing so.

4. That on June 3rd 2005, plaintiff withdrew from his own personal Bank account the sum of 10,000, Dallors in cash and $90,000,Dollars in check and at some point and time deposited the two above amounts into two Bank accounts in the State of Virginia, in the Bank of Wachovia which is not located in the

the jurisdiction of the State of New York and in fact is in another State and another jurisdiction i.e.[Virginia].

5. That Bank accounts numbered #101-012-937-685 and #101-012-937-672, were both started in the State of Virgnia was the State of New York had absolutely no jurisdiction whatsoever because once again, plaintiff was given this money and did not steal a single penney i.e. he committed no crime by moving his - funds from one bank to another under the State and Federal banking laws.

6. That the defendant Mable Doyle, some three and a half years later went to defendant Chin an assistant district attorney of the County of Queens and filed criminal charges against plaintiff allegeing therein that she had some time ago given the plaintiff the money for safe keeping(s) however, defendant Doyle and defendant Chin along with defendant Jerome Pugh, ang defendants - Ana Guzkowski, together conspired to violate plaintiffs constitutional rights when defendant Chin sent defendant Jerome Pugh, to Florida to arrest plaintiff for a crime which never took place in his jurisdiction i.e. Virgnia is not in the State of New York it is another jurisdiction.

7. That the plaintiff was brought back to New York and charged with the crime of fruard all of which never took place in the State of New York and the defendant Chin either knew and or should have known that his actions would by all measures of Federal law would violate plaintiffs 4th, 5th 6th and 8th and 14th Amanment rights of the UNITED STATES FEDERAL CONSTITUTION, because such acts and action(s) amount to false imprisonment, false arrest and malicious prosection in complete violation of both State and Federal laws.

8. That even defendant Chin in his own complaint against plaintiff cites therein that plaintiff deposited said moneys into two Wachovia Bank accounts what the defendant very conveniently left out was that said accounts were in the state of Virgnia and not the state of New York and that said - moneys was withdrewn from a personal bank account not an entrusted account.

-3-

9. That the arrest of the plaintiff while he was in florida was illegal and a violation of the plaintiffs 4th Amandment rights under the United States Federal Constitution in that the plaintiff does have the constitutional right to be secured in his own person against unlawful seizures by government agents or people working for the government.

10. That defendants Ana Guzkowski, defendant Dave Chin, defendant Jerome pugh, together conspired to deprive plaintiff of his constitutional rights in that there is no way humanly possible that the defendants could ever claim that in this matter they did not know that Virginia of all places is another State and another juridiction one of which they have no power to act upon anything that they "[m]ight think and or believe to be a crime hbwever,"they may not as - has been done arrest plaintiff and charge plaintiff with a crime which basically did not take place in there jurisdiction.

11. That if defendant Doyle wishs to attempt to recovery any moneys and[funds] which she freely in her own words gave to the plaintiff,"she must attempt to do so in the jurisdiction wherein the dispute took place and according papers filed by defendants Dave Chin, it would appear that plaintiff withdrew that alleged funds while he had them deposited in two Wachovia Bank accounts both of which are in the State of Virginia and not the State of New York which Mr Chins office has no jurisdiction and had to know this information because he cites it in his paper work and states that he and or some one from his office spoke to a Tina Giardino, an employee working at the Bank of America whom by his own account informed him that the money was deposdited in said Bank out side the jurisdiction of the defendant Chin.

12. That records of this matter further indicate that the defendant Dave Chin and or some one from his own office working on his behalf spoke to a Kelly Murray, a records custodian at the Wachovia Bank in Virgnia, who informed said persons that according to any and all records of that bank, it shows -

-4-

that the plaintiff from his own personal accounts held with them withdrew from said accounts any and all funds on the day of May 8th 2006, i.e. he removed all funds held in such account on that date from the Wachovia Bank in Virgnia and if in fact there was a crime,"it took place in the State of Virgnia not in the State of New York.

13. Itis the contentions of the plaintiff that so long as he never attempted to either spend and or buy anything in the state of new york,"he committed no criminal act until after he withdrew the funds from the bank in Virgnia and - the defendants knew and or should have known that they lacked jurisdiction to arrest and or prosecute the plaintiff mainly because those accounts were in this matter legally his to do as he saw fit i.e. move them or spend them and defendant Doyles venue lays in the state of Virgnia not New York state mainly because according to all accounts that is where plaintiff withdrew the money and spent it.

14. The plaintiff further contends that the arrest warrent numbered#8005243 issued on June 6th 2008, by the County of Queens to the state of Florida was done so in violation of the plaintiffs Constitutional rights because the State of New York had no jurisdiction of the subject matters of those two Bank accounts in the state of Virgnia and therefore could not as they did issue an - arrest warrent for the arrest of plaintiff.

15. That itis the contentions of the plaintiff that the check as written on May 26th 2005, by defendant Mable Doyle, clearly speaks for it self in that - the money was given to plaintiff and not stolen by plaintiff as defendants Chin and others attempt to try to pretend that it was moreover, once these moneys and or funds were placed into plaintiffs personal accounts in a Bank,"plaintiff could under both state and federal law,"[d]o as he felt and defendant Doyles aveune of recovery would have to be civil and not criminal because she gave the money to plaintiff by free will and not because he forced or compeled by any threat or trickery.

16. That as a direct result of the defendants acts and actions plaintiff has been held in false imprisonment at the Rikers Island detention center in East Elumhurst New York for_____,months because of the illegal arrest and in this matter has been compeled to face false charges of Grand Larceny which in this case never took place any where in the State of New York and said charges are false and in violation of plaintiff 4th,5th,6th and 8th and 14th Amandment, protected by the United States Federal Constitution .

17. That the defendants acting together either knew and or should have known that their actions would bviolate plaintiffs Constitutional rights exspiecally since they knew that the money prior to being spent was transfered to another state namely <u>Virgnia</u>, which the defendants knew about.

WHEREFORE,plaintiff respectfully prays that this Court enter judgement in his favor one of which declears that the arrest of the plaintiff was unConstitutional and violated his rights to be secured in his own person under the 4th and 14th Amandments of the United States Federal Constitution.

2. That this court grant relief and enter judgement in favor of plaintiff one of which that declears UnConstitutional the issueing of an arrest warrent for the illegal arrest of the plaintiff for an alleged crime which took place in the state of Virgnia and not in the state of New York and that the same in this matter violated plaintiffs constitutional rights under the United States Federal Constitution under the 4th,8th and 14th Amandments as enbodied therein.

3. That this court enter judgement inm favor of plaintiff one of which declears as Unconstitutional the chargeing of plaintiff with false criminal charges of grand larceny in the second degree in the County of Queens New York because no such crime ever took place in said juridiction and further that this court enter in favor of plaintiff further judgement one of which declears that the

-6-

Queens County district attorneys office has in fact no jurisdiction over any alleged crime which may have taken place in another jurisdiction other then their own.

4. That this court enter judgement in favor of plaintiff declearing the prosecution of plaintiff as currently based upon a crime which took place in another jurisdiction other then the state of New York to be Unconstitutional and a violation of plaintiff 14th Amandment rights as protected under the Federal Constitution.

5. That this court enter judgement in favor of plaintiff granting damages in the sum of 5.6 Billion Dollars against the defendants as herein named and further that this court enter injunctional relief against the Queens County district attorneys office by declearing unconstitutional their acts and their action(s) as taken against the plaintiff and that the same violated his 14th Amandment rights protected by the United States Federal Constitution.

6. That this court enter judgement in favor of plaintiff which barrs any further prosecution of plaintiff in a jurisdiction which has no standings to prosecute the plaintiff for a crime which did not take place in its confines of jurisdiction.

7. That this court enter judgement in favor of plaintiff one of which declears as unconstitutional to continue illegal confinement of plaintiff for an alleged crime which never took place and further that for such illegal confinement this court grant plaintiff damages in the sum of 120,Million - Dollars including but not limited to <u>punitive damages</u> of <u>5.3 Million Dollars</u> against each defendant who took part in the violating of plaintiff rights as well as the conspircy to deprive him of same.

8. That this court enter judgement in plaintiffs favor one of which by this courts ruling declears that the acts and actions of the defendants as a whole violates plaintiffs constitutional rights and amounts to crule and

unusual punishment in violation of the 8th Amandment of the United States feder constitution.

9. That this court grant plaintiff a trial by jury on all issues which are triable by such....and that further relief be granted which this court deems just and proper.

RESPECTFULLY SUBMITTED

_____

SWORN TO BEFORE ME _____

THIS ____ DAY OF _____, ____.

NOTARY PUBLIC OF THE STATE OF NEW YORK

MY COMMISSION EXPIRES _____, ____.

I Declare under penalty of perjury that the foregoing is true and correct.

John A. Johnson
Plaintiff

INMATE NUMBER
4411000622
15-15 Hazen St
East Elmhurst, NY 11370

<u>V E R I F I C A T I O N</u>

OF

<u>C O M P L A I N T</u>

I **JOHN ARTHUR JOHNSON SR**, duly sworn, deposes and says;

that I have read the attached complaint and that to my own personal knowledge I know that what is therein stated is true except any statement therein stated which may be based upon information and belief and as to those statements I believe them to be true and declair the same under the penaltys of perjury.

*Signed 16th day of November 2010*

RESPECTFULLY SUBMITTED

*John A. Johnson Jr*
_____

SWORN TO BEFORE ME _____

THIS ____ DAY OF _____, _____.

NOTARY PUBLIC OF THE STATE OF NEW YORK

MY COMMISSION EXPIRES _____, _____.