UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOHN A. JOHNSON, JR.,

                  Plaintiff,

- against -

JEROME PUGH of the Queens County District
Attorneys Detectives Bureau, Shield 0106; DAVE
CHIN, ADA of the Queens County District
Attorneys Office; ANA GUZKOWSKI, Police
Lab of the Queens County District Attorneys
Office; and MABLE A. DOYLE,

                  Defendants.
--------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM & ORDER**
11-CV-385 (RRM)(MDG)

       Plaintiff John A. Johnson, Jr., proceeding *pro se*, filed this action against multiple

defendants alleging, *inter alia*, false arrest and malicious prosecution in violation of 42 U.S.C. §

1983. By Order dated December 30, 2010, this action was transferred to this Court from the

United States District Court for the Southern District of New York. On March 3, 2011, this

Court dismissed all claims against defendants Dave Chin, Ana Guzkowski, and Mable A. Doyle,

as well a malicious-prosecution claim against defendant Jerome Pugh, a detective with the

Queens County District Attorney's Office. (Mar. 3, 2011 Order (Doc. No. 6) at 3-4.) In an

abundance of caution, this Court allowed plaintiff's remaining claim for false arrest against Pugh

to proceed while the underlying criminal case was pending in state court. (*Id.* at 4.) Now before

the Court is Pugh's motion to dismiss the false-arrest claim pursuant to Fed. R. Civ. P. 12(b)(6).

(Def.'s Mot. to Dismiss (Doc. No. 55).) Plaintiff filed his opposition to the motion, (Doc. No.

58.), to which defendant replied. (Doc. No. 59.) For the reasons that follow, defendant's motion

is GRANTED and plaintiff's complaint is DISMISSED.

1

**BACKGROUND**

Pugh arrested Johnson pursuant to an arrest warrant in Florida in June 2008. (Compl. (Doc. No. 2) ¶¶ 6, 14.) Johnson was then transported to New York and "charged with the crime of fraud . . . " (Compl. ¶ 7.) According to a Certificate of Disposition issued by the Supreme Court of the State of New York, Queens County, Johnson was indicted on a charge of Grand Larceny in the Second Degree, in violation of New York Penal Law § 155.40(l). (Ex. B to McCann Decl. (Doc. No. 56-2).) He pled guilty to the same on December 11, 2012. (*Id.*) Johnson was convicted and sentenced on December 11, 2012 to a term of imprisonment of one to three years. (*Id.*)

**DISCUSSION**

A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

When determining the sufficiency of a complaint for purposes of a 12(b)(6) motion, "consideration is limited to the factual allegations in plaintiff's complaint, which are accepted as

true . . . [and] to matters of which judicial notice may be taken." *Brass v. Am. Film Techs.*, 987 F.2d 142, 150 (2d Cir. 1993). A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6). *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleadings in another lawsuit). Here, the Court finds it proper to take judicial notice of plaintiff's guilty plea, conviction, and sentencing as a matter of public record without converting defendant's motion to one for summary judgment. *See*, *e.g.*, *Davis v. Cotov*, 214 F. Supp. 2d 310, 315-16 (E.D.N.Y. 2002) (taking judicial notice of a § 1983 plaintiff's guilty plea on a 12(b)(6) motion).

B. <u>False Arrest</u>

In order to prevail on his § 1983 claim for false arrest, Johnson must show that (1) Pugh intended to confine him, (2) Johnson was conscious of the confinement, (3) Johnson did not consent to the confinement, and (4) the confinement was not otherwise privileged. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (citing *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975)). A person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest because his conviction establishes that his confinement was grounded on probable cause; therefore, it was privileged. *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986).

In an abundance of caution, this Court allowed Johnson's false arrest claim to proceed because his criminal case in state court remained pending, and no conviction or sentence had yet been entered. (Mar. 3, 2011 Order at 4.) Now, however, Johnson has pled guilty and been convicted of Grand Larceny in the Second Degree; he was sentenced to one to three years' imprisonment. Because his plea and conviction establish probable cause for his arrest, rendering

it privileged, Johnson cannot state a claim for false arrest. *See Corbett v. Dwyer*, 345 F. Supp. 2d 237, 241 (N.D.N.Y 2004) (dismissing a § 1983 false arrest claim after plaintiff pled guilty and was convicted on underlying criminal charges); *Papeskov v. Brown*, No. 97-CV-5351, 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998) (holding that a guilty plea, even to a lesser charge than that for which plaintiff was arrested, bars a § 1983 claim for false arrest); *Burton v. City of New York*, No. 97-CV-202, 1997 WL 793105, at *1 (E.D.N.Y. Nov. 28, 1997) ("[P]laintiff's guilty plea bars his claim of false arrest."); *Johnston v. Town of Greece*, 983 F. Supp. 348, 359 (W.D.N.Y. 1997) (dismissing plaintiff's false arrest claim because he pled guilty to the crime for which he was arrested).

Moreover, Johnson's claim fails because he was arrested pursuant to an arrest warrant. Where an arrest is made pursuant to a warrant, a plaintiff cannot make the essential showing that defendant confined him without justification; thus, there can be no claim for false arrest under § 1983. *See, e.g.*, *Jones v. Trump*, 971 F. Supp. 783, 788-89 (S.D.N.Y. 1997) (citing *Singer*, 63 F.3d at 118-19). In the instant case, Johnson concedes he was arrested pursuant to a warrant. (Compl. ¶ 14.). Because Johnson was arrested pursuant to a warrant, his confinement was justified, and he cannot state a claim for false arrest. *See, e.g.*, *Little v. City of New York*, 487 F. Supp. 2d 426, 439 (S.D.N.Y. 2007) (dismissing plaintiff's false arrest claim because arrest was effected pursuant to a warrant).

Accordingly, Johnson fails to state a claim for false arrest for two reasons: he was convicted of the offense for which he was arrested, and he was arrested pursuant to a valid warrant.

C.  Plaintiff's Additional Allegations and Arguments

Johnson makes a variety of arguments and allegations in his opposition to this motion. None, however, changes the Court's conclusion that plaintiff's remaining false arrest claim against Pugh must be dismissed.  For example, Johnson alleges that Pugh made misrepresentations in the arrest warrant application, and that Johnson's guilty plea was coerced. (Pl.'s Opp'n to Def.'s Mot. to Dismiss (Doc. No. 58) at 1, 3.)  As such, he argues that his claim must be allowed to proceed.

These allegations, however, do not save Johnson's claim.  In applying the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ," *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87.  Applying *Heck*, the Second Circuit, in *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994),  affirmed the dismissal of a § 1983 plaintiff's action against a police officer for perjury and coercion of witnesses because the action attacked the validity of plaintiff's conviction, and plaintiff had not proved his conviction had been independently invalidated.  *See also Evans v. Nassau County*, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002) (plaintiff's claim for

false arrest barred under *Heck* because plaintiff convicted by plea of the crime for which he was arrested, and conviction not reversed or otherwise invalidated).

Thus, a plaintiff may not use a civil action under § 1983 to collaterally attack his conviction. *Heck*, 512 U.S. at 484-85. Johnson's allegations regarding his arrest warrant and guilty plea make clear that this § 1983 suit aims to do just that. Johnson's allegations, taken as true, necessarily imply the invalidity of his conviction. Were he successfully to show that the arrest warrant was issued absent probable cause due to bad-faith misrepresentations or that his guilty plea was invalid, he would have simultaneously proved his conviction unlawful. Furthermore, the Court is unaware of any reversal, expungement, or other invalidation of plaintiff's conviction. As such, Johnson's allegations that his guilty plea was coerced and that Pugh lied to obtain an arrest warrant may not be aired in this § 1983 action and cannot save his false-arrest claim.[1]

## CONCLUSION

Johnson fails to state a claim for false arrest. Accordingly, defendant's motion to dismiss is GRANTED, and Johnson's complaint is DISMISSED without prejudice. *See Whaley v. Lopez*, No. 12-CV-2889, 2012 WL 3137900, at *8 & n.6 (E.D.N.Y. July 20, 2012) (dismissing § 1983 false-arrest and malicious-prosecution claims pursuant to *Heck* without prejudice "since

---

[1] Absent a future reversal or other invalidation of his conviction, Johnson's sole avenue to review of the validity of his conviction in this Court is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 481-83. Johnson filed two such petitions on December 28, 2012 in 12-CV-6431 and 12-CV-6432, both captioned *Johnson v. State of New York*. This Court dismissed his petition in 12-CV-6432 as premature because he had not yet been convicted of the offense with which he was charged and he had not exhausted his state-court remedies. (Jan. 11, 2013 Order (Doc. No. 4) in 12-CV-6432.) Moreover, the Court issued multiple notices of deficient filing in Johnson's petition in 12-CV-6431, (*see* Doc. Nos. 2, 4), which were re-mailed by the Clerk of Court on March 1, 2013, but Johnson has yet to correct the deficiencies.

Johnson now asks the Court "to reinstate the Habeas Corpus filed December 28, 2012," noting that he *has* been convicted. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4.) The Court declines to reopen that habeas petition, filed under 12-CV-6432, because Johnson has still failed to exhaust his state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). With regard to his petition in 12-CV-6431, the deficiencies remain despite the multiple notices sent to Johnson requiring cure. Moreover, petitioner's failure to exhaust his state-court remedies would appear to make that petition also subject to dismissal on the merits.

plaintiff[] may be able to state a plausible claim for relief in the event that [his] conviction[] [is] reversed or otherwise declared invalid"); *Dockery v. Tucker*, 73 F. Supp. 2d 224, 232 (E.D.N.Y 1998) (same).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 44-45 (1962).  The Clerk of the Court is directed to close the case.

The Clerk of the Court is also directed to mail a copy of this Memorandum and Order and the accompanying Judgment to plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      June 18, 2013

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge